**Order entered February 8, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00786-CR

**STEVEN WAYNE SIMMONS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 16-90142-422-F**

## ORDER

Appellant's brief was initially due November 15, 2017. Appellant filed two motions for extension of time which the Court granted, making his brief due January 16, 2018. In our December 19th order, we cautioned appellant that the failure to file a brief might result in the appeal being abated for a hearing. *See* TEX. R. APP. P. 38.8(b)(2). To date, no brief has been filed and we have had no further communication from appellant.

Therefore, the Court **ORDERS** the trial court to conduct a hearing to determine why appellant's brief has not been filed. In this regard, the trial court shall make appropriate findings and recommendations and determine whether appellant desires to prosecute the appeal, whether appellant is indigent, or if not indigent, whether retained counsel has abandoned the appeal. *See* TEX. R. APP. P. 38.8(b). If the trial court cannot obtain appellant's presence at the hearing, the

trial court shall conduct the hearing in appellant's absence. *See Meza v. State*, 742 S.W.2d 708 (Tex. App.–Corpus Christi 1987, no pet.) (per curiam). If appellant is indigent, the trial court is **ORDERED** to take such measures as may be necessary to assure effective representation, which may include appointment of new counsel.

We **ORDER** the trial court to transmit a record of the proceedings, which shall include written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     LANA MYERS
           JUSTICE